UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MELVIN K. MERKEL, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 20-16686 (KM) (JBC) |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| RUTGERS, et al., | : | |
| | : | |
| Defendants. | : | |

    Pro se Plaintiff Melvin Merkel commenced this action against Defendants Rutgers, New Jersey Department of Corrections (NJDOC), and various NJDOC officials and prison employees for alleged civil rights violations while Plaintiff was an inmate in South Woods and Northern State prisons.[1] (DE 1.) For the reasons below, I construe Plaintiff's most recent letter as a request for *in forma pauperis* (IFP) status, pro bono counsel, and to extend the time to serve the complaint. For the reasons below, I will deny the IFP and pro bono counsel requests without prejudice, and grant additional time to serve the complaint.

    On November 12, 2020, the Clerk of Court issued a Summons for Plaintiff to serve. (DE 2.) In the absence of any proof of service, on May 26, 2021, the Clerk filed a Notice of Call for Dismissal returnable June 24, 2021. (DE 5.) On June 7, 2021, the Clerk filed a series of emails from Plaintiff to the Court between January 9 to June 7, 2021.[2] (DE 6.)

---

[1] He has since been released on parole. (DE 6.)
[2] It appears that Plaintiff was attempting to email "www.ecfhelp@uscourts.gov," which is either an unmonitored inbox or incorrect email address, and eventually printed and mailed the series of emails. (DE 6.) Plaintiff should either mail or e-file future communications.

The emails make several requests. Beginning with the first on January 9, Plaintiff explained that, after his release on parole, he could not leave Pennsylvania to serve Defendants. (DE 6 at 8.) Plaintiff's inability to leave Pennsylvania due to parole restrictions cannot, as he argues, have hampered his ability to serve Defendants, because he cannot serve the complaint. But plaintiff is not the proper person to serve the complaint in any event. *See* Fed R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added). One way to accomplish service is via the U.S. Marshal's Service, which charges associated fees. *See* https://www.usmarshals.gov/process/usm285inst.pdf.

But Plaintiff also claims indigency, explaining that he had to borrow money to pay the filing fee for this action. (*Id.*) If Plaintiff seeks to proceed IFP, he must complete and return the appropriate form. *See* https://www.njd.uscourts.gov/forms/application-proceed-forma-pauperis-non-prisoner-ao-239. Unless Plaintiff is granted IFP status, I cannot direct service by the Marshal without a fee.[3]

On February 3, 2021, Plaintiff sent another email, this time to inform the Court that he was injured in a car accident on January 15, 2021, and to request pro bono counsel. (DE 6 at 6.) I construe Plaintiff's statement about the car accident as a request for additional time for service. The determination whether to extend time involves a two-step inquiry: whether good cause exists for the failure to effect timely service, and if not, whether a discretionary extension is warranted. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). I find that good cause exists here based on statements in the same email about obtaining records, and the number of follow-ups. There are

---

[3] If IFP status is granted, the complaint must also be screened pursuant to 28 U.S.C. § 1915(e)(2) to determine whether relief is available. If not, I will dismiss the complaint.

2

indications that Plaintiff has taken affirmative steps to pursue this action. Accordingly, I will afford Plaintiff another 120 days for service.

I turn to Plaintiff's request for pro bono counsel. Assignment of counsel requires, at a minimum, a demonstration of indigence, which generally requires the grant of an IFP application. 28 U.S.C. §1915(e)(1). There are also other factors which I must consider before appointing counsel, and which Plaintiff should address in any further requests: (a) the merits of the claim, (b) Plaintiff's ability to present his case including education, literary, and prior litigation experience, (c) the amount of factual investigation and discovery required, (d) the complexity of the claims, and (e) the necessity of witness credibility determinations and expert testimony. *Tabron v. Grace*, 6 F.3d 147, 155–57 (3d Cir. 1993). Such factors often cannot be assessed until the case has progressed to some degree.

IT IS therefore on this 14th day of June, 2021,

ORDERED that the Clerk of the Court shall adjourn the pending motion for dismissal to October 25, 2021, by which time Plaintiff shall either have arranged for service or applied for IFP status; and it is further

ORDERED that Plaintiff's request for indigent status and for pro bono counsel are DENIED without prejudice; and it is finally

ORDERED that the Clerk shall serve a copy of this Order, together with a copy of the non-prisoner IFP application (AO 239) and Marshal's service form (USM-285) upon Plaintiff by regular U.S. mail.

/s/ Kevin McNulty
_____
Kevin McNulty
United States District Judge